UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID DALE,

                Petitioner,

**Hon. Hugh B. Scott**

v.

12CV1258S

**Order**

TIMOTHY HOWARD, SHERIFF,
ERIE COUNTY,

                Respondent.

Currently before the Court are two matters. First is respondent's motion to dismiss the Habeas Petition (Docket No. 9), seeking dismissal for petitioner's failure to exhaust his state remedies, as well as his Answer to the Petition (Docket No. 10). The second matter is petitioner's letter motion for immediate release (Docket No. 8). This case was recently referred to the undersigned (Docket No. 12).

Petitioner pled guilty on October 3, 2012, to a scheme to defraud in the first degree, in violation of New York Penal Law § 170.65(1)(b), practicing law by an attorney who has been disbarred, in violation of New York Judiciary Law § 486, and was sentenced to concurrent terms of one year in prison (Docket No. 1, Pet. at 1). Petitioner argues that he should gain habeas relief because his conviction violates the Double Jeopardy Clause, that he was denied his right to attend the motion to stay of execution of the sentence or to be allowed to proceed pro se in the prosecution (Docket No. 1, Pet.).

Respondent requested an extension of time to respond to the Petition (Docket No. 3), which this Court granted (Docket No. 7) over petitioner's objection (cf. Docket No. 6).

Petitioner filed his response on May 6, 2013 (filed May 8, 2013) (Docket No. 13). The Petition and respondent's motion to dismiss it are deemed submitted.

Petitioner then sent a letter requesting his immediate release due, in part, to delays in furnishing him sufficient postage to allow him to respond to respondent's earlier request to extend his time to answer (Docket No. 8). This Court construes petitioner's motion as a motion for bail pending determination of his Habeas Petition, see Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978).

This Court has the "inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody," id. But bail is granted only in exceptional circumstances, id. Two factors must be considered in assessing the propriety of granting bail pending a determination of merits of a Petition for Writ of Habeas Corpus: first, the petitioner must be found to be an exceptionally strong candidate for bail, that is, the risk of flight must be de minimis, and, second, because the presumption of innocence fades upon conviction, and can be of no significance after defendant's appeal has been rejected, the petitioner must raise substantial constitutional claims upon which he has a high probability of success. Kirkwood v. Cuomo, No. 10CV118, Docket No. 26, 2011 U.S. Dist. LEXIS 551664 (W.D.N.Y. May 13, 2011) (Scott, Mag. J.). The petitioner must present both a clear case on the law and a clear, and readily evident, case on the facts, Ostrer, supra, 584 F.2d at 596 n.1.

The burden upon the petitioner is very high, see Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) ("the standard for bail pending habeas litigation is a difficult one to meet"). The Second Circuit has held that "a habeas petitioner should be granted bail only in unusual cases," Argro v. United States, 505 F.2d 1374, 1377-78 (2d Cir. 1974), or when "extraordinary or

2

exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective," Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974); see Ostrer, supra, 584 F.2d at 596 n.1; see also Galante v. Warden, Metropolitan Correctional Center, 573 F.2d 707 (2d Cir. 1977); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (court has inherent power to grant bail to habeas petitioners within their jurisdiction, but such power is limited and should be granted only in unusual cases or when extraordinary or exceptional circumstances exist).

Petitioner here has not met this heavy burden in this case. He has not shown that the Petition raises substantial claims or that extraordinary circumstances exist to make the grant of bail necessary "to make the habeas remedy effective," Grune, supra, 913 F.2d at 44; see Mapp, supra, 241 F.3d at 226. Here, petitioner only argues that he should be immediately released based upon the merits of his Petition and the delays in having his outgoing mail sent by respondent's personnel (Docket No. 8, Pet'r Letter Motion at 1-2). This is not sufficient to justify either a grant of bail or ultimate disposition of his Petition. Strictly treating petitioner's letter as a request for bail (Docket No. 8) it is **denied**.

Respondent's motion to dismiss (Docket No. 9) **is thus deemed submitted** (cf. Docket No. 13, Pet'r Response Memo. and Aff.).

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 14, 2013

3