UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID DALE,

                                    Petitioner,

                                                              **Hon. Hugh B. Scott**

                    v.                                        12CV1258S

                                                              **Report**
TIMOTHY HOWARD, SHERIFF,                                      **&**
ERIE COUNTY,                                                  **Recommendation**

                                    Respondent.

        Before this Court is petitioner's application for habeas corpus relief pursuant to 28 U.S.C.

§ 2254 challenging his state court conviction.  He asserts the following grounds in support of his

Petition:  violation of his Double Jeopardy rights; denial of his rights to self-representation and to

attend proceedings.  Respondent moved to dismiss (Docket No. 9).  Petitioner responded (Docket

No. 10) and separately wrote to this Court requesting immediate relief (Docket No. 8), and this

case then was referred to the undersigned (Docket No. 12).  This Court construed petitioner's

letter application (Docket No. 8) as a motion for bail pending disposition of the habeas Petition

and denied that relief (Docket No. 14).  This Court also deemed respondent's motion submitted

as of May 14, 2013 (id.).  Petitioner next sought production of the state court record that was

filed but apparently not served upon him (Docket No. 15).  This motion was granted and

respondent was given 45 days to serve the state court record (Docket No. 16), which

respondent's counsel did (see Docket No. 17).

# BACKGROUND

*Petitioner's Disbarment and Contempt of Court*

Petitioner alleges that he was wrongfully removed from the bar and was held in criminal contempt by the Supreme Court, Appellate Division, Fourth Department, for handling legal matters for Mattie Johnson; petitioner vehemently contests the legitimacy of this removal (Docket No. 1, Pet.; see Docket No. 13, Pet'r Aff. & Memo. at pages 2 of 14 to 7 of 14).

He was disbarred by that court in November 2005, Matter of Dale, 25 A.D.3d 181, 182-83, 805 N.Y.S.2d 758 (4th Dep't 2005) (per curiam), appeal dismissed, 6 N.Y.3d 806, 812 N.Y.S.2d 444, leave denied, 6 N.Y.3d 714, 823 N.Y.S.2d 355 (2006); see Matter of Dale v. Burns, 103 A.D.3d 1243, 1243, 959 N.Y.S.2d 781 (4th Dep't 2013). In July 2011, the Fourth Department granted the motion of its Grievance Committee to confirm the report of a referee that found petitioner guilty of criminal contempt of court pursuant to Judiciary Law § 750(A)(3) and fined petitioner, Matter of Dale, 87 A.D.3d 198, 199-200, 927 N.Y.S.2d 267, 268 (4th Dep't 2011) (per curiam). In particular, the referee found that petitioner's secretary accepted for him a retainer fee from an unnamed client in 2009 to assist in an estate matter, id., 87 A.D.3d at 199, 927 N.Y.S.2d at 268. In a second matter, the referee found that, in January 2009, petitioner accepted a retainer from another client to obtain letters of administration for another estate and petitioner accepted funds to assist that client in January 2010 to transfer certain real estate, id., 87 A.D.3d at 199-200, 927 N.Y.S.2d at 268.

*Offense and State Court Proceedings*

The present conviction arises from a subsequent state prosecution of petitioner for a scheme to defraud and practicing law after being disbarred. The Indictment there alleged that

petitioner stole funds from six clients by accepting legal fees while disbarred. Count 3 alleged

that petitioner practiced law while disbarred in rendering legal services to Mattie Johnson in

January 2009 and January 2010 (State Court Record, Ex. B, Pet'r Order to Show Cause, June 1,

2012, Ex. A, Indict. No. 02579-2010).

Petitioner now claims that the attorney heading the Fourth Department Grievance

Committee directed Johnson to the Erie County District Attorney for possible criminal

prosecution against petitioner. Petitioner concludes that Count 3 of the Indictment is the same

events as were subject to the criminal contempt proceeding (see Docket No. 13, Pet'r Aff. and

Memo. at page 9 of 14). Petitioner was charged with grand and petit larceny for acceptance of

legal fees after his disbarment and unlawful practice of law (Docket No. 13, Pet'r Aff. & Memo.

at page 2 of 14).

Petitioner filed an Order to Show Cause on or about June 4, 2012, for a writ of

prohibition against this prosecution, but this writ was refused by a Justice of the Fourth

Department (id. at page 3 of 14; State Court Record, Ex. B), see Matter of Dale, supra, 103

A.D.3d at 1244, 959 N.Y.S.2d 781. The Fourth Department declined to address petitioner's

double jeopardy argument on his motion for a writ of prohibition given his then-pending direct

appeal of that conviction, id., 103 A.D.3d at 1244-45, 959 N.Y.S.2d 781.

Petitioner pled guilty on June 5, 2012, to a scheme to defraud in the first degree, in

violation of New York Penal Law § 170.65(1)(b), and for practicing law by an attorney who has

been disbarred, in violation of New York Judiciary Law § 486 (State Court Record, Ex. A, Def.

Supp'al Motion to Withdraw Plea, Ex. A, June 5, 2012, Tr. at 11-12, 13-23, 23). Petitioner

moved to withdraw his guilty plea on September 26, 2012 (id., Ex. A, Def. Supp'al Motion to

Withdraw Plea), which was denied on October 3, 2012 (see Docket No. 13, Pet'r Response at page 5 of 14). On October 3, 2012, petitioner was sentenced to concurrent terms of one year in prison (Docket No. 1, Pet. at 1).

*Appeal*

Petitioner filed a timely Notice of Appeal from his conviction but never perfected this appeal (see Docket No. 9, Resp't Atty. Aff. ¶ 7). Instead, petitioner filed a series of Orders to Show Cause prior to and after his conviction and sentencing to challenge his conviction (see State Court Record, Exs. B, D, F, H; see also id., Exs. C, E, G[1]), seeking an appealable Order, but the state courts denied these Orders to Show Cause or motions (see Docket No. 9, Resp't Atty. Aff. ¶¶ 8-9; Docket No. 11, Resp't Memo. at 1), Matter of Dale, supra, 103 A.D.3d 1243, 959 N.Y.S.2d 781. Petitioner appealed the denial of one of these Orders to the New York State Court of Appeals and that appeal is pending (Docket No. 11, Resp't Memo. at 2).

---

[1]On June 1, 2012, through counsel, petitioner filed an Order to Show Cause to stay proceedings and seeking a writ of prohibition on double jeopardy grounds, State Court Record, Ex. B. Then petitioner filed pro se subsequent motions or proposed Orders to Show Cause, id., Exs. C-H. On August 6, 2012, petitioner sough dismissal of the Indictment on double jeopardy grounds, id., Ex. C. On August 23, 2012, petitioner filed another Order to Show Cause, this time seeking a writ of prohibition unless petitioner received assistance of counsel by not appointing standby counsel as petitioner proceeded pro se, id., Ex. D. On August 27, 2012, petitioner sought to amend this Article 78 petition to seek a stay of proceedings due to the denial of standby counsel, id., Ex. E. On September 5, 2012, counsel was assigned to petitioner for his pending motion to withdraw his plea pending before the State Supreme Court, id., Ex. A, Memo. Decision and Order of Oct. 3, 2012, at 1. On October 2, 2012, petitioner filed another Order to Show Cause seeking expedited hearing, assignment of counsel on this proceeding, and a stay of his prosecution and sentencing, id., Ex. F. After his sentencing, on November 26, 2012, petitioner filed an Article 78 motion to stay his sentence and to release him from custody, id., Ex. G. On January 17, 2013, petitioner filed another Order to Show Cause to proceed as a poor person and release from imprisonment and bail pending his appeal, id., Ex. H.

*Habeas Petition*

The Petition alleges that petitioner should gain habeas relief because his conviction violates the Double Jeopardy Clause, that he was denied his right to attend the motion for a stay of execution of the sentence and he was not allowed to proceed pro se in the prosecution (Docket No. 1, Pet.).

Petitioner raised in his state motion to withdraw his plea that he believed he was coerced into accepting the plea and had received ineffective assistance of trial counsel (see State Court Record, Ex. A, Def. Supp'al Motion to Withdraw Plea); these contentions are not raised in this federal habeas proceeding. This Court also notes that petitioner could have pointed to arguments his trial counsel made just prior to the plea colloquy that counsel was not ready to proceed (see State Court Record, Ex. A, Supp'al Motion to Withdraw Plea, Ex. A, Tr. June 5, 2012), but petitioner has not raised this as grounds for habeas relief.

Petitioner filed this Petition on December 27, 2012 (id.), and, upon acceptance of that Petition for filing, this Court ordered respondent to answer and submit a memorandum by March 8, 2013, and allowed respondent to file a motion to dismiss thirty days after the filing of the scheduling Order, or by February 28, 2013 (Docket No. 3). Respondent requested an extension of time to respond to the Petition (Docket No. 3), which this Court granted (Docket No. 7) over petitioner's objection (cf. Docket No. 6). Respondent's time to submit an Answer was extended to April 12, 2013 (Docket No. 7). Respondent filed an Answer with attached record from the state court proceedings (Docket No. 10). As discussed above, this Court ordered respondent to serve a copy of that record upon petitioner (Docket No. 16).

*Respondent's Motion to Dismiss*

Respondent also filed his present Motion to Dismiss on April 12, 2013 (Docket No. 10).

Petitioner filed his response on May 6, 2013 (filed May 8, 2013) (Docket No. 13). The Petition

and respondent's motion to dismiss it were deemed submitted on May 14, 2013 (see Docket

No. 14).

Respondent contends that petitioner raised his double jeopardy objection under New York

CPL 40.20(2)(b) (Docket No. 9, Resp't Atty. Aff. ¶ 5), and not under the Fifth Amendment's

Double Jeopardy Clause of the United States Constitution (id. ¶ 12). Respondent argues that

none of the grounds asserted in this Petition have been exhausted (id. ¶¶ 10-11). As for the

merits of petitioner's double jeopardy claim, respondent contends that this claim is procedurally

barred because petitioner waived his right to appeal this issue when he pled guilty (Docket

No. 11, Resp't Memo. at 4-5; see State Court Record, Ex. A, Def. Supp'al Motion to Withdraw

Plea, Ex. A, June 5, 2012, Tr. at 13, 15, 17). Respondent distinguishes the contempt of court

under Judiciary Law § 750 (which is an offense against the dignity of the court) and violations

under the Penal Law (which are offenses against the People of the State of New York),

concluding that no double jeopardy has occurred (id. at 5-7). Respondent points out that the

larceny and scheme to defraud charges involved different elements than the charge of practice of

law by a disbarred attorney, not meeting the "same elements" test set forth in Blockburger v.

United States, 284 U.S. 299, 304 (1932), for double jeopardy (id. at 6-7). The charges of

practicing law while being disbarred were not before the Fourth Department in its contempt

proceeding, save petitioner's purported representation of Johnson (id. at 7). Finally, respondent

argues that a contempt of court is not a "prosecution" under CPL 40.30 to attach jeopardy for

double jeopardy purposes (id.); he does not address whether contempt of court is a federal constitutional "prosecution" so as to attach jeopardy.

As for Grounds Two through Four of the Petition, respondent argues that they were not exhausted and are not cognizable on federal habeas review (id. at 8-11).

Petitioner replies, first, that Respondent's Memorandum is untimely and duplicated his Answer and should be merged with the hearing of petitioner's Habeas Petition (Docket No. 13, Pet'r Response at page 7 of 14). He contends that he exhausted his state remedies by filing, unsuccessfully, for Orders to Show Cause to prohibit his prosecution due to double jeopardy made prior to and after entry of judgment (id. at pages 7 to 8 of 14). Appeals from these denials remain pending (id. at page 8 of 14). Petitioner concludes that he also should receive relief because the state courts denied him the right to proceed pro se in violation of his Sixth Amendment right (id. at pages 10 to 11 of 14). Given his incarceration and his limited access to legal resources, petitioner asks that this Court construe his papers liberally, Burgos v. Hopkins, 14 F.3d 787 (2d Cir. 1994) (id. at page 11 of 14), although Burgos involved analysis of whether the pro se plaintiff should have been appointed counsel where the district court found that his claims were barred by res judicata, but the United States Court of Appeals for the Second Circuit held that res judicata did not bar his claims and remanded on the question of whether counsel should be appointed. The court there did not address how the pro se plaintiff's papers should be construed and, unlike petitioner here who is a disbarred attorney, the pro se plaintiff in Burgos appeared to be a layperson.

7

**DISCUSSION**

I.      Habeas Standards

     A.      Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v.  Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Based on the record before the Court, it appears that the petitioner has **not** exhausted his state court remedies, as will be discussed more below.  In any event, review of the claims asserted in the Petition is appropriate under § 2254(b)(2).

     B.      Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989). As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue . . . shall be presumed to be correct," unless certain specified exceptions existed. When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact

_____

[2]Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

and moved it to § 2254(e), and also added the current version of § 2254(d). The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

Initially, it should be noted that the petitioner has failed to preserve these arguments for habeas corpus review. Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection. Reid, supra, 961 F.2d at 377. Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto. Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986). "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts

to comply with the State's procedural rule.'" <u>Washington</u>, <u>supra</u>, 637 F. Supp. at 1177 (quoting

<u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). These principles have been applied even where a

defendant represents himself at trial. <u>Reed v. Farley</u>, 512 U.S. 339 (1994); <u>Wells v. LeFavre</u>,

1996 WL 692003 (S.D.N.Y. 1996).

II.     Preliminary Objections by Petitioner

Petitioner objects to the District Attorney's office representing respondent here (Docket

No. 13, Pet'r Aff. ¶ 4). He also questions whether this Motion to Dismiss is timely given the

Scheduling Order entered in this case (Docket No. 13, Pet'r Aff. & Memo. at page 7 of 14; <u>see</u>

Docket No. 3 (Order)).

Regarding the District Attorney representing respondent Erie County Sheriff Howard, in

civil matters usually the County Attorney would represent the Sheriff. In habeas proceedings

where the petitioner is in state custody, the New York State Attorney General has an arrangement

with District Attorneys in certain counties that has the District Attorney appear on behalf of

respondents for petitioners whose criminal cases arose in the District Attorney's county. The

scheduling Order in this case directed the Clerk of Court to mail a copy of that order to the Erie

County District Attorney "to advise appropriate Erie County officials of the pendency of this

proceeding" (Docket No. 3, Order at 3). Thus, it is appropriate for respondent to be represented

by the District Attorney's office here.

As for the timing of respondent's motion, the original schedule had the respondent's

Answer due by March 8, 2013, with motion to dismiss due thirty days of the date of the filing of

that Order, or by February 28, 2013 (Docket No. 3). As noted above, respondent requested an

extension of time to respond to the Petition (Docket No. 3), which this Court granted (Docket

No. 7) over petitioner's objection (cf. Docket No. 6). Respondent's time to submit an Answer was extended to April 12, 2013 (Docket No. 7). Just prior to this Answer deadline, respondent filed the present motion. This Court deems the effect of extending respondent's time to Answer also extended his time to file dispositive motions, such as the pending Motion to Dismiss. Petitioner's timeliness argument, therefore, should be **rejected**.

III.    Exhaustion Applied

Respondent argues that petitioner failed to exhaust any of his claims. Petitioner argues that his exhaustion consists of denied Orders to Show Cause. But he concedes that the appeal from one of those denials is pending before the New York State Court of Appeals (Docket No. 13, Pet'r Response at page 8 of 14). Petitioner fails to explain why he did not perfect his appeal, even if it might have been rejected upon his executed waiver of appeal.

Exhaustion has two components, that petitioner raised the federal constitutional issue before the state court and that the petitioner continued to raise that issue before every state court in the appellate process before filing for federal habeas relief. Petitioner has done neither here. First, he did not raise <u>federal</u> double jeopardy; rather he raised double jeopardy under New York law, raising in one instance that his argument was based upon the state standard rather than the federal standard (Docket No. 9, Resp't Atty. Aff. ¶¶ 5, 12). Second, by failing to perfect his appeal from his criminal conviction and having at least one appeal of his denied Order to Show Cause still pending before the New York Court of Appeals, even if petitioner raised a federal double jeopardy argument in either state forum, there is no final determination that all appellate levels have been exhausted. Thus, on exhaustion grounds, this Habeas Petition on double

jeopardy grounds should be **dismissed** and respondent's Motion to Dismiss (Docket No. 9) should be **granted**.

IV.  Merits

Alternatively and for a complete record, this Court next considers the merits of petitioner's claims.

A.  Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," U.S. Const. Amend. V; see also e.g., United States v. Dixon, 509 U.S. 688, 695-96 (1993).  Under the New York State Constitution, there is a similar provision:  "no person shall be subject to be twice put in jeopardy for the same offense," N.Y. Const. Art. I, § 6.  Under New York law, a person may not be twice prosecuted for the same offense and "a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless . . . each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; . . . ," N.Y. Crim. Proc. L. § 40.20(1), (2)(b).  New York codifies the concept enunciated by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 304 (1932), of a "same-elements test."  Under this text, in order to not have double jeopardy each offense charged must contain an element not contained in the other offense, see Dixon, supra, 509 U.S. at 696, to be seen as distinct offenses.  Otherwise, the two offenses are deemed to be the same and double jeopardy bars additional punishment and successive prosecution, id.  In Blockburger, the Court there found that each of the drug offenses charged "requires proof of a different element.  The

13

applicable rule is that where the same act or transaction constitutes a violation of two distinct

provisions, the test to be applied to determine whether there are two offenses or only one, is

whether each provision requires proof of a fact which the other does not," 284 U.S. at 304 (citing

Gavieres v. United States, 220 U.S. 338, 342 (1911), and authorities cited therein). Criminal

contempt places a defendant in jeopardy for double jeopardy purposes, Colombo v. New York,

405 U.S. 9, 10-11 (1972) (per curiam); see People v. Colombo, 31 N.Y.2d 947, 949,

341 N.Y.S.2d 97, 98 (1972).

Petitioner argues that his criminal contempt of court and his criminal indictment for

practicing law as a disbarred attorney constitute double jeopardy, that a contempt proceeding

(even for civil contempt) may establish jeopardy for double jeopardy purposes, see Dixon, supra,

509 U.S. at 696 (Docket No. 13, Pet'r Response at page 9 of 14).

Petitioner only argues violation of the New York State statutory bar against double

jeopardy, N.Y. Crim. Proc. L. 40.20, arguing before the criminal court that the relevant law was

not the federal constitutional standard but the stricter statutory standard (State Court Record,

Ex. B, Ex. A, Ex. 1, Tr. May 31, 2012, at 5). Since petitioner did not argue the federal Double

Jeopardy Clause, instead relied upon state law, the state procedural bar precludes this Court's

habeas review. The denial of double jeopardy rests on independent state grounds.

Here, petitioner was found in criminal contempt of court under New York Judiciary Law

§ 750(A)(3). That section empowers courts of record in New York to punish criminal contempts

including "wilful disobedience to its lawful mandate," id. He was later convicted of practice of

law by attorney who has been disbarred under Judiciary Law § 486, which provides

"Any person whose admission to practice as an attorney and counselor-at-law has been revoked or who has been removed from office as attorney and counselor-at-law or, being an attorney and counselor-at-law, has been convicted of a felony or has been suspended from practice and has not been duly and regularly reinstated, who does any act forbidden by the provisions of this article to be done by any person not regularly admitted to practice law in the courts of record of this state, unless the judgment, decree or order suspending him shall permit such act, shall be guilty of a misdemeanor."

N.Y. Jud. Law § 486.

Even if the latter two offenses appear to be the same, as respondent notes (Docket No. 11, Resp't Memo. at 5-6), the Judiciary Law provisions address two different, albeit overlapping, concerns; upholding the integrity of the state judiciary for Judiciary Law § 750(A)(3) and protecting the public from the illegal practice of law by a disbarred attorney under Judiciary Law § 486. These offenses are contained in two different articles of the Judiciary Law; the criminal contempt is in Article 19, Contempts, article, while § 486 is in Article 15, Attorneys and Counsellors. The contempt provision is the disobedience of any lawful mandate, including the Appellate Division's order disbarring an attorney. The element of criminal contempt is willful disobedience of lawful court mandate, see Garbitelli v. Broyles, 257 A.D.2d 621, 622, 684 N.Y.S.2d 292, 293 (2d Dep't 1999). The elements for violating Judiciary Law § 486 are a person once admitted to practice who had his admission revoked (but without being reinstated) performing any act forbidden by any person not regularly admitted to practice in courts of record, N.Y. Jud. Law § 486.

In contrast, in People v. Colombo, supra, 31 N.Y.2d at 949, 341 N.Y.S.2d at 98, a defendant refused to testify before a Grand Jury and was held in contempt. The Court of Appeals then ruled that this defendant could not later be indicted for refusing to obey the judge's order to

testify on double jeopardy grounds, although he could have been indicted for refusing to testify before the Grand Jury because the latter offense was different from the contempt of court, id. at 949, 341 N.Y.S.2d at 98. The elements and evidence for the criminal contempt there would be the same for the charge of failure to obey an order to testify, id. at 949, 341 N.Y.S.2d at 98.

The Supreme Court in United States v. Dixon heard together the appeals of two defendants on the issue of double jeopardy from criminal contempt and allegations of violating penal laws. Dixon was held in criminal contempt for violating a condition of his release by selling drugs; he was later charged with committing a drug offense. The majority in Dixon held that this constituted double jeopardy. Dixon, supra, 509 U.S. at 697-700. The second appellant, Foster, was charged in a five-count Indictment. The Dixon majority held that the first count, charging assault, was based upon events that were the subject of his prior criminal contempt conviction with that first count constituting double jeopardy, while the other counts for assault with intent to kill and threats to injure or kidnap differed from the criminal contempt and thus were not double jeopardy, id. at 700-03.

Under the Dixon analysis, the criminal contempt here for violating the Appellate Division disbarment order is the same offense as the misdemeanor prosecution for practicing law by a disbarred attorney. Had the petitioner here raised and preserved the federal double jeopardy claim and exhausted it fully in the state courts, this might have invalidated one count of his subsequent Indictment. But petitioner (as stated above) failed to do this. In addition to these procedural defects, petitioner was charged with a scheme to defraud, which is a distinct offense from the criminal contempt, as were Foster's assault with intent to kill distinct from his assault that violated a prior order in Dixon. Therefore, petitioner's habeas Petition on the federal double

16

jeopardy ground should be **denied** on exhaustion grounds and respondent's motion (Docket No. 9) to dismiss should be **granted**.

B.     Waiver of Right to Appeal as Procedural Default

Respondent argues, both specifically as to the merits of the double jeopardy claim and generally for the other claims, that petitioner's guilty plea acts as a waiver of his right to challenge the double jeopardy of his conviction (Docket No. 11, Resp't Memo. at 4-5) and petitioner in entering the plea executed a formal written waiver of appeal which acts as a procedural bar for petitioner to now raise claims in federal habeas review (id. at 8). The waiver of the right to appeal and, as here, the failure to perfect that appeal, is an adequate and independent state ground barring petitioner's claims, see Gonzalez v. Sullivan, 934 F.2d 419, 420 (2d Cir. 1991); Haynes v. New York, No. 10-CV-5867 (JFB), 2012 U.S. Dist. LEXIS 181170, at *26 (E.D.N.Y. Dec. 21, 2012). Thus, petitioner's relief on this ground should be **denied** and respondent's motion to dismiss here should be **granted**.

C.     Right to Bail

Respondent also contends that, aside from petitioner's failure to exhaust, there is no federal right to be released on bail pending a conviction to warrant habeas review (Docket No. 11, Resp't Memo. at 8). Even if petitioner is correct and the state courts erred in not granting him bail pending his conviction, he has been convicted and any denial of bail is now moot; therefore, petitioner's habeas relief on this ground also should be **denied**.

D.     Right to Self-Representation

Petitioner argues alternatively that, in his CPLR Article 78 proceedings, he proceeded pro se and was denied his request for appointment of standby counsel (Docket No. 13, Pet'r

Response at pages 10, 5-6 of 14). Petitioner concludes that his Article 78 application was heard

essentially in absentia and was denied, depriving him of his right to self-representation and his

right to assistance of counsel (id.). There was a series of Article 78 proceedings here noted

above where petitioner proceeded pro se either to challenge the prosecution proceeding on

double jeopardy grounds and various amendments to that motion to stay the prosecution, to

expedite the Article 78 proceeding, or for appointment of standby counsel notwithstanding

petitioner's ability to pay (State Court Record, Exs. C-G; Docket No. 13, Pet'r Response at pages

5-6 of 14), and a later proceeding before the State Supreme Court, commenced after this habeas

proceeding was filed (on or about March 1, 2013), to stay the execution of petitioner's sentence

and admit petitioner to bail pending appeal (State Court Record, Ex. H, Docket No. 13, Pet'r

Response at page 6 of 14, Ex. B).

Respondent also argues that there is no federal right to self-representation on appeal (as

opposed to at trial), Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152

(2000), which would support petitioner's claim for habeas relief (Docket No. 11, Resp't Memo.

at 9-10). Although respondent correctly points to the lack of an appellate right to self-

representation, technically the matter petitioner raises here was not an appeal. The proceedings

petitioner refers to are a collateral civil proceedings under New York State CPLR Article 78.

In Iannaccone v. Law, 142 F.3d 553, 556 (2d Cir. 1998), the Second Circuit recognized

the statutory[3] and constitutional right to self-representation in civil cases discussing the framers

of the Constitution's belief that "self-representation in civil suits was a basic right that belongs to

---

[3]New York State also recognizes this right by statute, N.Y. CPLR 321(a); see Cheung v. Youth Orchestra Found., Inc., 906 F.2d 59, 61 n. 2 (2d Cir. 1990).

a free people," id.; see also Faretta v. Cal., 422 U.S. 806, 812-13 (1975) (focusing discussion of criminal defendant's right to self-representation), see 28 U.S.C. § 1654, and citing reasons for the right that predate the Constitution, Iannaccone, supra, 142 F.3d at 556, without citing a specific constitutional provision for that right. The Second Circuit also noted that appointment of civil counsel is rare and only occurs "when there is a risk of loss of liberty, as in mental commitment or juvenile delinquency proceedings," id.

Here, petitioner was challenging his already lost liberty in this Article 78 proceeding. Thus, it is not the Sixth Amendment that applies here (cf. Docket No. 13, Pet'r Response at page 10 of 14). Mere denial of his pro se application on the merits is not the deprivation of self-representation. In his various Article 78 applications, petitioner did not seek oral argument or other relief beyond the papers he submitted to indicate that he was deprived access to courts as a pro se litigant.

As for petitioner's appointment of standby counsel claim, there is no federal constitutional right to appointment of counsel in a civil matter, even though it seeks to prohibit a prosecution, see also Iannaccone, supra, 142 F.3d at 556; Word v. Lord, No. 00 CIV. 5510, 2002 U.S. Dist. LEXIS 19923, at *47-48 (S.D.N.Y. Mar. 18, 2002) (Pitman, Mag. J.) (in recommending denial of habeas corpus, citing United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998), and case quoted therein (no constitutional right to hybrid representation)). Even if there were such a federal right, by seeking relief after commencing this habeas proceedings shows that his last Article 78 proceeding was not exhausted and further indicates that the underlying prosecution was not exhausted. Denial of counsel for this civil proceeding was not contrary to or involved an unreasonable application of clearly established federal constitutional

law.  Therefore, petitioner's habeas Petition on this ground also should be **denied** and respondent's Motion (Docket No. 9) to dismiss **should be granted**.

**CONCLUSION**

Based on the above, respondent's Motion to Dismiss (Docket No. 9) should be **GRANTED** and the Petition should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

_____/s/ Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 24, 2013